**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

March 24, 2022

LETTER TO COUNSEL:

      RE:   *Carla H. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
             Civil No. TJS-21-728

Dear Counsel:

      On March 22, 2021, Plaintiff Carla H. petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 15 & 18. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

      Carla H. filed her application for DIB on July 1, 2019, alleging a disability onset date of December 31, 2014 (later amended to February 1, 2017). Tr. 14, 35-36. Her application was denied initially and upon reconsideration. *Id.* Carla H. requested an administrative hearing, and a telephonic hearing was held on October 2, 2020, before an Administrative Law Judge ("ALJ"). Tr. 28-66. In a written decision dated November 24, 2020, the ALJ found that Carla H. was not disabled under the Social Security Act. Tr. 11-27. The Appeals Council denied Carla H.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 3-8.

      The ALJ evaluated Carla H.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Carla H. had not engaged in substantial gainful activity from the beginning of the relevant period of October 29, 2018, through the date last insured of June 30, 2019. Tr. 17. At step two, the ALJ found that, through the date last insured, Carla H. suffered from the following severe impairments: cervical radiculitis and cervical radiculopathy. *Id.* At step three, the ALJ found that, through the date last insured, Carla H.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 17-18.

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On February 17, 2022, it was reassigned to Judge Hurson. On February 28, 2022, it was reassigned to me.

The ALJ determined that, through the date last insured, Carla H. retained the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except limited to standing and/or walking for only 4 hours out of the 8 hour work day; could lift no more than 15 pounds with the right dominant upper extremity; occasional climbing and ramps and stairs but never ladders, ropes or scaffolds; occasional balancing, stooping, crouching, kneeling and crawling; only occasionally reach overhead with the right dominant upper extremity and frequently reach in other directions with the right; and frequently handling, fingering and feeling with the right dominant upper extremity.

Tr. 18.

At step four, the ALJ determined that, through the date last insured, Carla H. was unable to perform past relevant work. Tr. 21. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that, through the date last insured, there were jobs that existed in significant numbers in the national economy that Carla H. could have performed, including routing clerk, ticket seller, and marker. Tr. 21-22. Accordingly, the ALJ found that Carla H. was not disabled under the Social Security Act from October 29, 2018, through June 30, 2019. Tr. 22.

Carla H. argues that this case must be remanded for further proceedings because (1) the ALJ did not consider the proper period at issue; (2) the ALJ did not evaluate properly pertinent evidence; and (3) the ALJ did not properly evaluate her subjective complaints. ECF No. 15-1 at 4-16. For the reasons discussed below, however, these arguments are unavailing.

First, Carla H. argues that remand is warranted because the ALJ failed to consider the proper period at issue, which she maintains is the amended alleged onset date of disability of February 1, 2017, to the date last insured of June 30, 2019. ECF No. 15-1 at 4-7. The ALJ found that Carla H.'s "current request for hearing involves the same person, the same pertinent facts, and the same issues that were decided in the determination of October 28, 2018. Accordingly, that determination is entitled to administrative finality as to [Carla H.'s] current application." Tr. 14 (citing 20 C.F.R. § 404.957(c)(1)). "The undersigned finds no basis to justify a reopening under 20 CFR 404.989 or SSR 91-5p. Any discussion of evidence prior to that date is for historical/contextual purposes only and does not constitute reopening." *Id.* "Therefore, the only period that is properly before the undersigned is the period from October 29, 2018, the date after the prior initial determination, onward." *Id.*

Under 20 C.F.R. § 404.988(a), a determination, revised determination, decision, or revised decision of the Commissioner may be reopened within twelve months of the date of the notice of the initial determination, for any reason. A reopening under § 404.988(a) is thus within the Commissioner's discretion and is not mandatory. *See Monger v. Bowen*, 817 F.2d 15, 17-18 (4th Cir. 1987). And as the Acting Commissioner points out, absent a constitutional claim, the ALJ's denial to reopen is not subject to judicial review. *See Califano v. Sanders*, 430 U.S. 99, 107-09 (1977); *McGowen v. Harris*, 666 F.2d 60, 65 (4th Cir. 1981). Carla H.'s argument is thus without

merit.

Second, Carla H. contends that the ALJ failed to evaluate properly pertinent evidence when assessing her RFC. ECF No. 15-1 at 9-10. She argues that the ALJ failed to evaluate or to account for the deterioration of her condition in the RFC assessment. *Id.* at 10. As the Acting Commissioner points out, the ALJ did so, however. ECF No. 18-1 at 13 (citing Tr. 18-20, 80-83). In any event, the Court does not reweigh such evidence. *See Britt v. Saul*, 860 F. App'x 256, 261 (4th Cir. 2021) (citing *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020)). Carla H. also argues that the ALJ failed to evaluate the opinions of Ajit Kurup, M.D., the consultative examiner who observed in October 2018 that she was not able to raise her right arm above shoulder level. ECF No. 15-1 at 10 (citing Tr. 498, 502). According to Carla H., the ALJ failed to recognize this observation, despite finding Dr. Kurup's opinions to be persuasive, but found instead that she occasionally could reach overhead with her right arm. *Id.*; *see* Tr. 18, 20. Carla H. maintains that substantial evidence does not support the ALJ's RFC assessment because the ALJ "failed to reconcile this discrepancy" between Dr. Kurup's findings and the RFC assessment. ECF No. 15-1 at 10. The ALJ, however, incorporated in the RFC assessment Dr. Kurup's opinion that Carla H. was "unable to lift heavier than 15 pounds with the right upper extremity." Tr. 499. Carla H.'s argument that the ALJ erred in failing "to reconcile this discrepancy" between Dr. Kurup's observations and the RFC assessment is thus unavailing. *See Britt*, 860 F. App'x at 260-61 ("The information on which [the claimant] seeks to rely—such as mere observations and her recorded subjective complaints during office visits—contains no medical judgment, which is the essence of medical opinions. Many documents [the claimant] cites merely record the symptoms [the claimant] has reported feeling and state past diagnoses, among other information [the claimant] does not specifically discuss. But these recitations need not be given dispositive weight." (citation omitted)).

Last, Carla H. argues that the ALJ did not properly evaluate her subjective complaints. ECF No. 15-1 at 11-16. She first contends that the ALJ "erroneously required [her] to prove the type and degree of her subjective complaints by objective medical evidence, and determined that she had not done so." *Id.* at 13. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, ALJs must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020). In other cases, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c). In any case, the ALJ may not rely solely on the lack of objective medical evidence to

3

discredit a claimant's subjective statements. *Id.* Claimants are entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ's written decision presents a detailed statement of Carla H.'s subjective complaints. The ALJ first found that Carla H.'s medically determinable impairments could reasonably be expected to cause her alleged symptoms. Tr. 18. The ALJ then proceeded to consider Carla H.'s allegations in concert with the other evidence in the record, including Carla H.'s statements about her symptoms over time, her daily activities, her work history, her treatment history, the opinion evidence, and the objective evidence in the record. Tr. 18-21. In considering the totality of the evidence, the ALJ explained her finding that Carla H.'s statements about the severity of her symptoms could not be completely reconciled with other persuasive evidence. *Id.* Weighing all of the evidence, the ALJ found that Carla H.'s impairments are not disabling and that she can perform work with the limitations contained in the RFC.

"Where the ALJ did consider [Carla H.'s] full treatment history, as is clear here, it is not proper on appeal for the Court to reweigh such evidence." *Carollyn S. v. Kijakazi*, Civil Action No. ADC-20-2552, 2021 WL 4170431, at *9 (D. Md. Sept. 14, 2021). "Had the ALJ relied exclusively on a lack of objective evidence, the analysis would be flawed. Here, however, the ALJ considered the inconsistency of [Carla H.'s] alleged symptoms with objective evidence as just one component of the assessment." *Jai P. v. Saul*, Civil No. TJS-19-3371, 2021 WL 424469, at *2 (D. Md. Feb. 8, 2021) (citation omitted). "Because the ALJ did not rely exclusively on objective evidence in assessing the severity of [Carla H.'s] symptoms, this argument is without merit." *Id.*

Carla H. also argues that the ALJ erroneously relied on her daily living activities in evaluating her subjective complaints. ECF No. 15-1 at 13-16. "If the ALJ had rejected [Carla H.'s] subjective complaints merely because of [her] activities of daily living, this case would be subject to remand." *Jai P.*, 2021 WL 424469, at *3 (citing *Arakas*, 983 F.3d at 101). "But a review of the ALJ's decision makes clear that the ALJ considered [Carla H.'s] activities of daily living as just one factor relevant to the evaluation of [her] subjective complaints." *Id.* Carla H.'s argument on this point is unavailing as well.

In short, the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision complies with the governing legal standards and is supported by substantial evidence. The Court thus affirms the Acting Commissioner's final decision.

For the reasons set forth above, Carla H.'s Motion for Summary Judgment (ECF No. 15) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 18) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge